```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSEPH A. FERRARA, SR., et al.,                   :
                                                  :
                        Plaintiffs,               :           Report &
                                                  :           Recommendation
            -against-                             :           11-CV-992 (RRM)
                                                  :
ON-PAR CONSTRUCTION LTD. d/b/a On Par             :
Contracting,                                      :
                                                  :
                        Defendant.                :
------------------------------------------------------------------ x
```

GOLD, STEVEN M., U.S.M.J.:

## Introduction

Plaintiffs, Trustees and fiduciaries of various Local 282 trust funds (collectively "the Funds"), bring this action pursuant to the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs seek a judgment to recover monies allegedly owed by defendant to the Funds pursuant to ERISA and the terms of a Collective Bargaining Agreement ("CBA").

Upon plaintiffs' application and in light of the defendant's failure to appear or otherwise defend this action, the Clerk of the Court noted the default of defendant on May 3, 2011.[1] Docket Entry 10. The Honorable Roslynn R. Mauskopf then referred the matter to me to report and recommend on the amount of damages to be awarded.

---

[1] Although plaintiffs name On-Par Construction Ltd. d/b/a On Par Contracting as the defendant in the action, it appears that On Par Contracting Corp. is the correct name of the legal entity. *See* Cody Decl. Ex. B. at 2 (Memorandum of Agreement signed by "On Par Contracting"); *http://www.dos.state.ny.us/corps/bus_entity_search.html* (New York State, Department of State, Division of Corporations searchable database that lists an On Par Contracting Corp.).

## Discussion

*A.     Liability*

Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). A court, however, retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Even after a defendant has defaulted, "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default." *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). *See also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has stated a cause of action).

Plaintiffs have established the elements of liability required to state a claim pursuant to 29 U.S.C. § 1145. Plaintiffs allege that they are trustees of multiemployer benefit plans within the meaning of ERISA. Compl. ¶¶ 3, 4. Defendant entered into a collective bargaining agreement ("CBA") in 2004, effective through 2005, which required it to make contributions to the Funds on behalf of its union-member employees and to submit to any requested periodic audits. *Id*. ¶¶ 9, 10, 13. *See also* Cody Decl. Ex. B.[2] After the expiration of the CBA, defendant's course of conduct evinced its intent to be bound to the subsequent 2005-2008 CBA. Compl. ¶ 9. More specifically, defendant submitted remittance reports and contributions at the 2005-2008 rates in 2005 and through part of 2006. Cody Decl. ¶ 11. Plaintiffs allege that

---

[2] "Cody Decl." refers to the declaration of Theresa Cody, a senior member of the Collections Department for the Funds, Docket Entry 7.

defendant failed to respond to three requests for an audit of defendant's books and records in late 2006. Compl. ¶¶ 21-23. Moreover, defendant has not submitted any remittance reports, and I infer that it has not made any contributions, since June, 2006. Cody Decl. ¶ 26. Defendant's failure to make contributions and submit to an audit as required by the CBA and the Trust Agreement, incorporated by reference in the CBA, constitutes a violation of ERISA and its liability to the Funds has thus been established.[3]

B.   *Damages*

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id*. A court must ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Defendant has not submitted any opposition to plaintiffs' submissions. Accordingly, a hearing on the issue of damages is not warranted.

Plaintiffs seek $397,700.66 in estimated contributions for the period of February 1, 2005 through June 30, 2008. As noted above, defendants submitted remittance reports and

---

[3] The statute of limitations for ERISA actions is six years in New York and thus plaintiffs' action is timely. *See La Barbera v. A. Morrison Trucking, Inc.*, 2011 WL 703859, at *5 (E.D.N.Y. Feb. 18, 2011) (applying New York's six-year breach of contract statute of limitations to ERISA delinquent contributions action).

contributions for May, 2005 through May, 2006.[4]  Plaintiffs have not received any remittance reports or contributions since June, 2006.  Moreover, although plaintiffs requested an audit of defendant's books and records three times in 2006 (July, August, and October), they received no response from defendant.

Plaintiffs seek additional contributions for the period from May, 2005 through May, 2006, and, having been frustrated in their efforts to conduct an audit of defendant's books and records, seek estimated contributions for the period June, 2006 through June, 2008.  Plaintiffs have calculated the number of hours for which defendant is delinquent by reference to formulas provided in the Trust Agreement.  Cody Decl. ¶¶ 20-22, 28-32.  The Agreement provides that, "[i]n the event the Employer submits the required remittance reports, but thereafter such Employer fails to submit the pertinent books and records for audit," plaintiffs "may compute . . . additional contributions due for any month by taking 50 percent of the number of hours reported for that month" and multiplying it "by the current contribution rate."  Cody Decl. Ex A, Art. IX § 1(f).  Plaintiffs used this formula to calculate additional contributions for the May, 2005 through May, 2006 period.  Cody Decl. ¶ 29 & Ex. E.  Using this formula, I calculate that plaintiffs are entitled to an additional 1,744.25 hours in contributions for this period, with the exception of the Annuity Fund.  The Annuity Fund calculates hours differently and I find that this fund is entitled to an additional 1,953.63 hours in contributions for this time period.

With respect to June, 2006 through June, 2008, plaintiffs estimated the calculations due "by adding 10 percent to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) reports."  Cody Decl. Ex A, Art. IX § 1(e).  September, 2005 had the highest reported hours at 495, with the Annuity Fund reporting 556.5 hours.  Cody

---

[4] Defendant also submitted remittance reports for February through April, 2005 indicating zero hours.  Accordingly, plaintiffs do not seek any additional contributions for these months.

Decl. ¶ 30 & Ex. D. Thus, plaintiffs used 544.50, and 612.15 for the Annuity Fund, as the base hours for contributions for these months. Plaintiffs then multiplied the base hours by the rates indicated in the 2005-2008 CBAs.[5] Cody Decl. Ex. E. I have reviewed plaintiffs' submissions and calculations and find that they are correct. Thus, I respectfully recommend that plaintiffs be awarded $397,700.66 in unpaid contributions for the period of February, 2005 through June, 2008.

Next, plaintiffs seek interest on all contributions at the rate of 18% per annum, the applicable rate pursuant to the CBA and plaintiffs' Trust Agreement and amendments. Cody Decl. ¶ 37 & Ex. A, Docket Entry 7-2 at 62. Plaintiffs request that interest accrue from the date of each delinquency. Cody Decl. ¶¶ 38-40. Although I am unable to verify the precise amount of interest calculated by plaintiffs without extensive recalculations, my rough calculation, using midway dates, approximates plaintiffs' calculations. Thus, I recommend that plaintiffs be awarded the $282,568.37 in interest they calculate through April 12, 2011. Cody Decl. Ex. E. Plaintiffs are also entitled to additional interest on the $397,700.66, at the rate of 18% per annum from April 13, 2011, to be calculated by the Clerk of the Court at the time of judgment.

In addition, plaintiffs seek liquidated damages in an amount equal to their interest. Cody Decl. ¶ 42. ERISA provides for an award of liquidated damages equal to the *greater* of the interest due or the amount provided for under the plan. 29 U.S.C. § 1132(g)(2)(C). Here, the interest due is the greater amount, and I therefore respectfully recommend that plaintiffs be awarded liquidated damages in an additional amount equal to $282,568.37 plus the interest calculated by the Clerk at the time of judgment.

---

[5] There is a typographical error in the Cody Declaration with respect to the Welfare Trust Fund rate beginning in July, 2007, in which Cody states the rate is $9.25. Cody Decl. ¶ 27. When calculating the contributions due, however, Cody used the correct rate of $9.20. *See* Cody Decl. Ex. E. *See also* 2005-2008 CBA at 10-11.

5

Finally, plaintiffs seek reimbursement for $6,373.44 in attorney's fees and costs, including audit fees. Adler Decl. ¶ 7, Docket Entry 8; Cody Decl. ¶ 43. Plaintiffs have complied with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) and *Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011), which require that contemporaneous time records be submitted with all fee applications. Docket Entry 8. Plaintiffs seek to recover $5,364.50 in attorney's fees, based upon 16.7 hours at an attorney associate rate of $275 and 5.7 hours at a paralegal rate of $90.[6] Adler Decl. ¶ 10. The time expended and the rates charged appear reasonable and should be approved. *See Gesualdi v. Hardin Contracting, Inc.*, 2010 WL 1048821, at *5 (E.D.N.Y. Feb. 16, 2010) (finding hourly rates for attorneys between $225 and $300 to be reasonable in ERISA default cases in this district).

Plaintiffs seek a total of $1,008.94 in costs, comprised of $350 in audit fees, $350 for the filing fee, $62 for service, and $273.94 for "computer research, search fees, postage, telephone calls, photocopies, and ground transportation." Adler Decl. ¶ 13; *see also* Cody Decl. ¶ 43. These costs, with the exception of the audit fee, are supported by documentation and are reasonable and compensable. *See Morin v. Nu-Way Plastering Inc.*, 2005 WL 3470371, at *4 (E.D.N.Y. Dec. 19, 2005) (stating that "[c]osts are reimbursable as long as they were incidental and necessary to the representation of the client") (internal quotation marks omitted). With respect to the audit fee, however, I find no basis to support the award of this cost. Plaintiffs state simply that "On-Par is required to pay $350.00 in audit costs, as the collection of delinquent contributions in this case was referred by the Trustees to counsel." Cody Decl. ¶ 43 (citing a provision in the Trust Agreement that requires payment of $350 for audits). It is not clear that plaintiffs engaged an auditor or accountant to estimate the contributions due; rather, it appears

---

[6] Plaintiffs also billed .7 hours for a partner at the rate of $370 per hour. Adler Decl. ¶ 10. Although this rate is high for ERISA litigation in this district, the time involved is minimal.

6

that plaintiffs themselves calculated the amounts due. Cody Decl. ¶¶ 20-32 & Ex. E. It is implicit in the Trust Agreement that an audit refers to an "audit of pertinent books and records" of an employer by a "Certified Public Accountant." Trust Agreement at 30-31. In this case, no such audit was conducted. Accordingly, I respectfully recommend that plaintiffs' application for an award of $350 in audit costs be denied. I therefore recommend an award of $6,023.44 in costs and fees.

## Conclusion

For the reasons set forth above, I respectfully recommend that judgment be entered against defendant for $397,700.66 in unpaid contributions, $282,568.37 in interest, and $6,023.44 in attorney's fees and costs. Moreover, I recommend that the Funds be awarded interest at the rate of 18% per annum, beginning from April 13, 2011 on the $397,700.66 in unpaid contributions, to be calculated by the Clerk of the Court at the time of judgment. Finally, I recommend that plaintiffs be awarded liquidated damages in an amount equal to the $282,568.37 in interest plus the interest calculated by the Clerk.

Any objections to the recommendations made in this Report must be filed within fourteen days of this Report and Recommendation and, in any event, on or before January 6, 2012. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve a copy of this Report upon defendant at its last known address, and to file proof of service with the Court.

                                                /s/
                                    STEVEN M. GOLD
                                    United States Magistrate Judge

Brooklyn, New York
December 20, 2011
*U:\eoc 2011\damages inquests\ferrara v on-par.docx*